ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Chief, Narcotics Section

THOMAS MUEHLECK 3591
MARK A. INCIONG, 163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 12 2006
at 11 o'clock and 05 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 04-00399 DAE |
| Plaintiff, | SUPERSEDING INDICTMENT [21 U.S.C. §§ 846, 841(a)(1) and 843(b)] |
| vs. | |
| MOSES KIAKONA, (01), aka "Paele," | |
| FERNANDO IRIBE-TIRADO, (02), | |
| GLENN P. FERNANDEZ (03), | |
| ANTONIO PANLASIGUI, JR., (04), aka "Tony,", | |
| THOMAS BARROS, JR., (05), aka "Sparky," | |
| DAWN R. GALARITA, (06), | |
| TIARE M. SMITH, (07), | |
| Defendants. | |

SUPERSEDING INDICTMENT

Count 1

The Grand Jury charges that:

From a date unknown but from at least on or about October 1, 2002, to on or about September 30, 2004, in the District of Hawaii, defendants, MOSES KIAKONA, aka "Paele," FERNANDO IRIBE TIRADO, GLENN P. FERNANDEZ, ANTONIO PANLASIGUI, JR., aka "Tony," THOMAS BARROS, JR., aka "Sparky," DAWN R. GALARITA and TIARE M. SMITH did conspire together with each other and with Sham Vierra, Marco Antonio Davidson-Cervantes, Adele M. Criste, Leslie Jaramillo, Robert Eisler, Melissa Ordonez, George Keahi, aka "Uncle Louie," aka "Opelu," Arnold C. Arruiza, Mary H. Vandervelle, Brian U'u, and Chris Tolbert, not defendants herein, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Ways and Means of Accomplishing the Conspiracy

The co-conspirators reached and attempted to reach the objectives of this conspiracy using the following ways and means, among others:

1. It was part of the conspiracy that from 2002 and continuing through September 2004, defendant MOSES KIAKONA, aka "Paele," obtained quantities of methamphetamine from individuals in California for distribution on Maui and Lanai.

2. It was further part of the conspiracy that the co-conspirators used long distance telephone calls, cellular telephones and rental cars to arrange for the distribution of and to distribute methamphetamine.

3. It was further part of the conspiracy that the co-conspirators concealed the income and assets derived from the sale of methamphetamine.

Overt Acts

In furtherance of the conspiracy and to effect the objectives of this conspiracy, the defendants and their co-conspirators performed overt acts in the District of Hawaii and elsewhere, including but not limited to:

1. During October 2002, Sham Vierra, not a defendant herein, distributed a quantity of methamphetamine to Robert Eisler, not a defendant herein;

2. On or about January 31, 2003, defendant MOSES KIAKONA, aka "Paele," met with defendant FERNANDO IRIBE-TIRADO and others in Wailuku, Maui;

3. On or about February 4, 2003, Robert Eisler, not a defendant herein, held a quantity of methamphetamine for distribution in a residence in Lahaina, Maui;

4. On or about February 11, 2003, Sham Vierra, not a defendant herein, caused to be sent by Federal Express approximately $100,000 in United States currency from Maui to Marco Antonio Davison-Cervantes, not defendant herein, in San Ysidro, California;

5. During April 2004, defendant THOMAS BARROS, JR., aka "Sparky" held ounce quantity of methamphetamine for distribution.

6. On or about June 7, 2004, defendant GLENN P. FERNANDEZ possessed a quantity of methamphetamine on Maui;

7. On or about July 15, 2004, Sham Vierra and Melissa Ordonez, not defendants herein, spoke on the telephone concerning a distribution of a quantity of methamphetamine;

8. On or about July 19, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, crossed into the United States at the San Ysidro port of entry;

9. On or about July 20, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, flew to Maui from Los Angeles, California, on board an American Trans Air flight;

10. On or about July 20, 2004, George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein, spoke on the

telephone with Sham Vierra, not a defendant herein, concerning a distribution of two ounces of methamphetamine;

11. On or about July 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with George Keahi, aka "Uncle Louie," aka "Opelu" not a defendant herein, concerning the distribution of two ounces of methamphetamine;

12. On or about July 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of two ounces of methamphetamine;

13. On or about July 20, 2004, Mary H. Vandervelde, not a defendant herein, travelled from Lanai to Maui in order to obtain a quantity of methamphetamine for distribution on Lanai;

14. On or about July 20, 2004, George Keahi, aka "Uncle Louie," aka "Opelu" not a defendant herein, spoke on the telephone with Arnold C. Arruiza, not a defendant herein.

15. On or about July 20, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, met with Sham Vierra, not a defendant herein, on Maui;

16. On or about July 21, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein;

17. On or about July 23, 2004, Brian U'u, not a defendant herein, held approximately $5,300 in United States currency in Lahaina, Maui;

18. On or about July 27, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, flew from Maui to Los Angeles, California, aboard an American Trans Air flight;

19. On or about August 15, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant TIARE M. SMITH concerning the distribution of a quantity of methamphetamine;

20. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant MOSES KIAKONA, aka "Paele";

21. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

22. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Brian U'u, not a defendant herein;

23. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant ANTONIO PANLASIGUI, JR., aka "Tony" concerning the distribution of a quantity of methamphetamine;

24. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

25. On or about August 21, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

26. On or about August 21, 2004, Brian U'u, not a defendant herein, held a quantity of methamphetamine for distribution;

27. On or about August 21, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant ANTONIO PANLASIGUI, JR., aka "Tony" concerning the distribution of a quantity of methamphetamine;

28. On or about August 22, 2004, Sham Vierra and Adele M. Criste, not defendants herein, held approximately two pounds of methamphetamine for distribution;

29. On or about August 22, 2004, defendant ANTONIO PANLASIGUI, JR., aka "Tony" made a telephone call to Sham Vierra, not a defendant herein, to obtain a quantity of methamphetamine;

30. On or about August 23, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant DAWN R. GALARITA;

31. On or about August 24, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant DAWN R. GALARITA;

32. On or about August 24, 2004, Sham Vierra and Adele M. Criste, not defendants herein, spoke on the telephone;

33. On or about August 24, 2004, Sham Vierra and Adele M. Criste, not defendants herein, spoke on the telephone;

34. On or about September 12, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Chris Tolbert, not a defendant herein, concerning the distribution of a quantity of methamphetamine;

35. On or about September 30, 2004, defendant MOSES KIAKONA, aka "Paele" held approximately $140,000 in United States currency in a house in Honokohau Valley on Maui;

36. On or about September 30, 2004, Chris Tolbert, not a defendant herein, held a quantity of methamphetamine in an apartment in Lahaina, Maui, for distribution.

All in violation of Title 21, United States Code, Section 846.

Count 2

The Grand Jury further charges that:

On or about August 14, 2004, in the District of Hawaii, defendant TIARE M. SMITH did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone

in causing or facilitating the commission of a conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 3

The Grand Jury further charges that:

On or about August 14, 2004, in the District of Hawaii, defendant TIARE M. SMITH did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 4

The Grand Jury further charges that:

On or about August 20, 2004 in the District of Hawaii, defendant ANTONIO PANLASIGUI, JR., aka "Tony," did knowingly and intentionally use and cause to be used a communications facility,

that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 5

The Grand Jury further charges that:

On or about August 21, 2004, in the District of Hawaii, defendant ANTONIO PANLASIGUI, JR., aka "Tony," did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 6

The Grand Jury further charges that:

On or about August 22, 2004, in the District of Hawaii,

defendant ANTONIO PANLASIGUI, JR., aka "Tony," did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 7

The Grand Jury further charges that:

On or about August 23, 2004, in the District of Hawaii, defendant DAWN GALARITA did knowingly and intentionally use and cause to be used a communications facility, that is a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 8

The Grand Jury further charges that:

On or about August 24, 2004, in the District of Hawaii, defendant DAWN GALARITA did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

Count 9

The Grand Jury further charges that:

On or about October 8, 2004, in the District of Hawaii, defendant THOMAS BARROS, JR., aka "Sparky," did knowingly and intentionally possess with intent to distribute five grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Count 10

The Grand Jury further charges that:

On or about August 22, 2004, in the District of Hawaii, defendant ANTONIO PANLASIGUI, JR., aka "Tony," did knowingly and

intentionally attempt to possess with intent to distribute five (5) grams or more of methamphetamine its salts, isomers, and salts of its isomers, that is, 28 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

DATE: January 12, 2006, Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

for FLORENCE T. NAKAKUNI
Chief, Narcotics Section

THOMAS MUEHLECK
Assistant U.S. Attorney

for MARK A. INCIONG
Assistant U.S. Attorney

United States v. Moses Kiakona, et al.
Cr. No. 04-00399 DAE
SUPERSEDING INDICTMENT